# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Judith A. Short, et al. v. Citi Financial Mortgage

**Case Number:** 04-01201

### Document Information

**Description:** Order Dismissing Adversary Proceeding .

**Received on:** 2004-12-16 15:30:21.000

**Date Filed:** 2004-12-16 00:00:00.000

**Date Entered On Docket:** 2004-12-16 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
JUDITH ARLEEN SHORT AND
CECIL DWAINE SHORT,
       Debtors.

Case No. 7-04-16556 SR

JUDITH A. SHORT, et al.,
       Plaintiffs,
v.
CITI FINANCIAL MORTGAGE,
       Defendant.

Adv. No. 04-1201 S

## ORDER DISMISSING CASE

This matter is before the Court <u>sua sponte</u>. At the initial pretrial conference held on December 7, 2004, the Court informed Plaintiff's counsel that he could provide legal support for the position taken in the complaint within one week, and if no support were forthcoming, the Court would consider a <u>sua sponte</u> dismissal. Counsel has not provided any support.

The Court finds that the complaint should be dismissed. First, the complaint seeks to avoid a "preferential lien". The Debtors have no standing to avoid preferences; under 11 U.S.C. § 547 the trustee must pursue recovery of preferential transfers. Second, the complaint is captioned "Complaint under Section 522(f) to avoid lien which impairs and [sic] exemption." Bankruptcy Rule 4003(d) states that a procedure

by a debtor to avoid a lien on exempt property under section 522(f) "shall be by motion in accordance with Rule 9014." Therefore, no adversary is required.  Third, Section 522(f) allows a debtor to avoid a lien only if the lien is "a judicial lien" (§ 522(f)(1)(A)), or "a nonpossessory, nonpurchase-money security interest" in certain described items of personal property (§ 522(f)(1)(B)(i)-(iii)).  The lien described in the complaint is a second mortgage given to Defendant and is neither a judicial lien nor a lien on personal property.  Finally, presumably a second mortgage is a voluntary transfer of property to the mortgagee.  A debtor may not exempt property that has been voluntarily transferred before the petition.  <u>See</u> 11 U.S.C. § 522(g).  Therefore,

   IT IS ORDERED that this complaint is dismissed.

                              */s/ James S. Starzynski*
                              Honorable James S. Starzynski
                              United States Bankruptcy Judge

I hereby certify that on December 16, 2004, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered, or mailed to the listed counsel and parties.

Eric D Dixon
309 S Ave A
Portales, NM 88130-6284      */s/ James E. Burke*